66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence O. OKORO, Defendant-Appellant.
 No. 94-50458.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 17, 1995.*
Decided Aug. 31, 1995.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence Okoro appeals his sentence after pleading guilty to conspiracy to commit mail fraud, mail fraud, fraudulent use of access devices, fraudulent possession of fifteen or more unauthorized access devices, and money laundering, in violation of 18 U.S.C. Secs. 371, 1341, 1029(a)(2), 1029(a)(3), and 1956(a)(1)(A)(i). Okoro contends the district court erred when, pursuant to the Sentencing Guidelines Sec. 3B1.1(c), it increased his offense level for "managing or supervising" criminal activity. Okoro argues that: (1) the district court failed to make a finding of fact that he managed or supervised any criminally responsible person, (2) the evidence was insufficient to support a finding that he managed or supervised any criminally responsible person, and (3) he and his codefendants were equally culpable. We affirm.
 
 
 3
 The Sentencing Guidelines permit a two-level upward adjustment if the defendant was a "manager or supervisor" of criminal activity. U.S.S.G. Sec. 3B1.1(c). Where the record shows that the court adopted the government's argument and that the defendant had an opportunity to present evidence to the contrary, the district court is not required to make specific findings of fact in support of an upward adjustment. United States v. Leung, 35 F.3d 1402, 1406 (9th Cir.1994), cert. denied, 115 S.Ct. 954 (1995) (citing United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992)). Okoro accepted responsibility for his criminal conduct and these admissions support a section 3B1.1(c) adjustment. Finally, the determination that a codefendant was an equal partner in an offense does not preclude a finding that the defendant was an organizer or leader. Peters, 962 F.2d at 1415.
 
 
 4
 The record is sufficient to support a finding that Okoro "managed or supervised" criminal activity. A section 3B1.1(c) enhancement is appropriate.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3